UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL NO. 08-352-GFVT

UNITED STATES OF AMERICA                                                                  PETITIONER

VS:                                           RECOMMENDED DISPOSITION

CHARLES E. KING                                                                                    RESPONDENT

\* \* \* \* \*

  This summons enforcement action is before the Court on referral from the District Judge. *See* DE #2. The United States initiated the case, on behalf of the Internal Revenue Service, to effectuate compliance with an administrative summons served by the IRS on Charles E. King. *See* DE #1 Petition to Enforce. The Court ordered personal service of the IRS Petition as well as a show cause order, directing Mr. King's personal appearance on January 5, 2009. *See* DE #3. The Marshal properly served Mr. King, *see* DE #4, and all parties appeared before the undersigned at the appointed date and time.

  The United States proceeds under the administrative enforcement mechanics of the Internal Revenue Code, including 26 U.S.C. §§ 7402, 7602, and 7604. This Court has jurisdiction over the subject matter, and personal jurisdiction over the Respondent, a District resident, per § 7402(b) and § 7604(a).

  The Supreme Court established a framework for enforcement that requires IRS satisfaction of certain procedural and other conditions precedent to judicial intervention. *See United States v. Powell*, 85 S. Ct. 248, 255 (1964); *United States v. Monumental Life Ins. Co.*, 440 F.3d 729, 733 (6th

Cir. 2006)(describing *Powell* as "the analytical framework that governs enforcement decisions"). Once the United States establishes *Powell* and statutory compliance by prima facie evidence,[1] the burden shifts to a respondent to "either disprove the elements of the prima facie case or 'demonstrate that judicial enforcement of the summons would otherwise constitute an abuse of the court's process.'" *See Monumental Life*, 440 F.3d at 733 (quoting *United States v. Davis,* 636 F.2d 1028, 1034 (5th Cir. 1981)).

In advance of the hearing, the Court reviewed in detail the IRS Petition, which appended a supportive affidavit from Revenue Officer Rebecca Huntley as well as the administrative process at issue. *See* DE #1. The verified materials established the Government's prima facie enforcement right. Thus, the materials are prima facie evidence in satisfaction of all substantive and procedural requirements imposed by *Powell* and the Code, including proper purpose, relevance, non-duplication, and valid administrative issuance. Further, the Court finds that the mode of administrative service was valid and that all process complied with the Code. The Marshal's personal service of the show cause order properly brought Mr. King before the Court.

The tendered materials further verified absence of a parallel criminal investigation. Section 7602(d) of the Internal Revenue Code bars administrative summons issuance and/or civil enforcement "with respect to any person if a Justice Department referral is in effect with respect to such person." *See* 26 U.S.C. § 7602(d)(defining "referral" as, in essence, IRS-recommended criminal prosecution or active criminal investigation by DOJ).

Prior to court, the parties reached an agreement; Mr. King affirmatively agreed on the record

---

[1] A tendered affidavit generally suffices, at the prima facie stage. The IRS must show 1) a legitimate purpose; 2) relevance; 3) that it does not already have the sought information; and 4) compliance with the Code's procedural requirements. *See Monumental Life*, 440 F.3d at 733.

that enforcement would be proper and that the IRS is entitled to the relief sought. Because Mr. King did not rebut the prima facie case, the Court finds that enforcement of the summons is appropriate on this record. King's failure to argue or proffer against the prima facie showing results in summons enforcement. *See United States v. Gertner*, 65 F.3d 963, 967 (1st Cir. 1995)("[I]n order to advance past the first tier, the taxpayer must articulate specific allegations of bad faith and, if necessary, produce reasonably particularized evidence in support of those allegations").

The Court thus recommends that the District Judge issue an order enforcing the IRS summons at issue in this action. Per 26 U.S.C. §§ 7402(b), 7602, and 7604, the IRS has established its right to enforcement, and Respondent has failed to show any cause in avoidance of such relief. As specifically sought by the United States, the District Judge should order that Respondent appear at a date and time as designated by Revenue Officer Rebecca Huntley to respond in full to the summons previously served. The Court further should warn that failure to abide by the order to appear could subject Mr. King to potential penalties, including contempt of court.

The Clerk of the Court shall serve this Order on all parties, and specifically shall serve the Respondent at 249 Pine Knot, Whitley City, KY 42635.

The Court issues this ruling, on referral, pursuant to 28 U.S.C. § 636(b)(1)(B). The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within ten days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make timely objection consistent with the statute may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Walters*, 638

F.2d 947, 950 (6th Cir. 1981); *Thomas v. Arn*, 106 S. Ct. 466 (1985).

This the 7th day of January, 2009.



G:\OFFICE\WPWIN\WPDOCS\CIVIL\IRS summons enf-2.wpd